# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **EDWARD BERNARD,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | **Civ. No.: MJM-23-2235** |
| **v.** | * | |
| | * | |
| **JACOB RIDEOUT,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on Jacob Rideout's ("Defendant") Motion to Dismiss or in the Alternative for Summary Judgment and Edward Bernard's ("Plaintiff") Motion to Strike. Both Motions are fully briefed and ripe for disposition. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall deny Plaintiff's Motion to Strike and grant Defendant's Motion for Summary Judgment.

## I.     BACKGROUND[1]

On the night of May 27, 2022, Defendant, a Maryland State Trooper, responded to a 911 call from a private residence in Denton, Maryland. Declaration of Jacob Rideout ("Rideout Decl."),

---

[1] The factual background is based upon review of Defendant's exhibits. Plaintiff was on notice of possible conversion of Defendant's motion to dismiss to one for summary judgment. Instead of responding with an affidavit or other evidence, Plaintiff merely re-asserts unsworn allegations from his Complaint, ECF 15-1 at 4–6, which is insufficient. *See Kitchen v. Ickes*, 116 F. Supp. 3d 613, 623 (D. Md. 2015), *aff'd*, 644 F. App'x 243, 2016 WL 1399348 (4th Cir. 2016) ("The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'") (quoting *Bouchat v. Balt. Ravens Football Club, Inc.,* 346 F.3d 514, 525 (4th Cir. 2003)).

ECF 7-3, ¶¶ 1–2. The caller told him that an intoxicated person was driving through their yard. *Id.* ¶ 2. Defendant arrived at the residence at 10:39 p.m. and was the first police officer on the scene. *Id.* ¶ 3. When he arrived, Defendant heard multiple people screaming and saw a Chevrolet Cruze car within a foot of a house, directly facing it, as well as a Chevrolet truck that had seemingly crashed into the Cruze's passenger side. *Id.* Both vehicles were still running, and the driver-side door of the Cruze remained open. *Id.* Defendant saw a man, Chester Turner, on top of another, Plaintiff, and instructed Turner to release Plaintiff. *Id.* ¶ 4. At that point, Defendant turned on the dashboard camera (dash cam) of his police vehicle. *Id.*; ECF 7-5. Turner told Defendant that Plaintiff was a friend who had come over to have drinks, and that he and his girlfriend thought Plaintiff had consumed too much alcohol and tried to prevent him from driving home. Rideout Decl., ¶ 5. They were unsuccessful, and Plaintiff got into his car and began driving toward the house, at which point Turner rammed his truck into Plaintiff's car. *Id.* ¶ 5. Turner's girlfriend was the 911 caller. *Id.*

Defendant observed that Plaintiff was slurring his words, had a strong odor of alcohol, and had trouble standing up without losing his balance and falling down. *Id.* ¶ 6. Plaintiff refused to take a field sobriety test and was unable to properly answer Defendant's questions. *Id.* ¶¶ 7–8. A second police officer, Christina Capranica, arrived at the scene about five minutes after Defendant and activated her dash cam video. *Id.* ¶ 8; ECF 7-4. At that point, Defendant arrested Plaintiff for driving under the influence and put him into his police vehicle. Rideout Decl., ¶ 9. Defendant declares that he never struck Plaintiff and that he did not observe Turner striking Plaintiff. *Id.* ¶¶ 11–12. Defendant also declares that he asked Plaintiff multiple times if he wanted an ambulance but did not receive a coherent answer, so he called an ambulance to meet them at the Caroline County District Court parking lot. *Id.* ¶ 10.

Emergency Medical Services ("EMS") examined Plaintiff in the court parking lot and determined that he was uninjured but was "heavily intoxicated." *Id.* ¶ 14; ECF 7-6; ECF 7-7. EMS declined to take Plaintiff to the hospital because of his lack of injuries. Rideout Decl., ¶ 14; ECF 7-6; ECF 7-7.

At that point, in light of Plaintiff's level of intoxication and threats that he had made, *see* Rideout Decl., ¶¶ 6, 10, Defendant decided to complete a petition for an emergency evaluation and transported Plaintiff to the University of Maryland Shore Medical Center at Easton. *Id.* ¶¶ 15, 16; ECF 7-11. The hospital staff and security then took custody of Plaintiff, and Defendant took several photographs of Plaintiff in the emergency room. Rideout Decl., ¶ 16; ECF 7-8. Defendant also issued Plaintiff several traffic citations at that time. Rideout Decl., ¶ 16.

On January 10, 2023, Plaintiff had a jury trial on the traffic charges in the Circuit Court for Caroline County, Maryland, in which Defendant testified. *Id.* ¶ 18. Plaintiff was found guilty of Driving Under the Influence of Alcohol, Driving While Impaired by Alcohol, and Negligent Driving. *Id.*; ECF 7-9.

On May 27, 2023, Plaintiff filed a Complaint in the Circuit Court for Caroline County asserting claims in seven counts against Defendant for false imprisonment, abuse of process, assault, battery, violations of Articles 24 and 26 of the Maryland Declaration of Rights, fabrication of evidence, violations of the Fourth and Fourteenth Amendments of the U.S. Constitution, and intentional infliction of emotional distress. Compl., ECF 1-3. In the Complaint, Plaintiff alleges *inter alia* that, during their encounter on May 27, 2022, Defendant struck Plaintiff in the head and face multiple times, causing Plaintiff to suffer severe injuries and to black out; refused to seek medical attention for Plaintiff's injuries; fabricated a false story about the auto collision; detained

3

and arrested Plaintiff without legal justification; and made a false application for an emergency petition. *Id.*

On August 17, 2023, the case was removed to the U.S. District Court for the District of Maryland. ECF 1. On September 18, 2023, Defendant filed a Motion to Dismiss, or in the Alternative, for Summary Judgment ("Motion to Dismiss"). ECF 7. On October 23, 2023, Plaintiff filed a Response in Opposition to the Motion to Dismiss, ECF 15, and a Motion to Strike various exhibits attached to the Motion to Dismiss, ECF 16. On November 3, 2023, Defendant filed a Reply in Support of the Motion to Dismiss, ECF 17, as well as a Response in Opposition to the Motion to Strike, ECF 18. Both the Motion to Dismiss and Motion to Strike remain pending.

## II.   PLAINTIFF'S MOTION TO STRIKE

### A.  Standard of Review

Courts have significant discretion in choosing whether to grant a motion to strike so as to "minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Blevins v. Piatt*, Civ. No. ELH-15-1551, 2015 WL 7878504, at *2 (D. Md. Dec. 4, 2015) (internal citation omitted). Striking portions of a pleading is "a drastic remedy" and accordingly, motions to strike are "generally viewed with disfavor." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). However, where affidavits or portions thereof in support of or opposition to a motion for summary judgment contain inadmissible hearsay or other defects under the Federal Rules of Evidence, they may be stricken from the record. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (noting that Rule 56 requires affidavits and declarations to be made on personal knowledge, only use facts that would be admissible at trial, and by competent affiants or declarants).

### B.  Analysis

Plaintiff has moved to strike seven of Defendant's exhibits and portions of an eighth. ECF 16. Each exhibit is addressed in turn below.

1.   Defendant's Declaration (ECF 7-3)

Plaintiff moves to strike Paragraphs 5 and 14 of Defendant's Declaration (Exhibit A). ECF 16 at 3. He argues that Paragraph 5 is hearsay and that Paragraph 14 is "hearsay within an uncertified document." *Id.*

The rule against hearsay generally prohibits the admission in evidence of statements that the declarant does not make while testifying in the current proceeding but are offered to prove the truth of matters asserted therein. *See* Fed. R. Evid. 801(c) & 802. The Federal Rules of Evidence provide for various exclusions from hearsay and exceptions to the rule against hearsay. *See* Fed. R. Evid. 801(d), 803 & 804.

a.   Paragraph 5

Plaintiff challenges statements contained in Paragraph 5 of Defendant's Declaration as inadmissible hearsay. Defendant argues that the statements are admissible as excited utterances under Federal Rule of Evidence 803(2).

Excited utterances are excepted from the rule against hearsay. Fed. R. Evid. 803(2). An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *Id.* Some factors that courts consider in determining whether a declarant is "under the stress of excitement caused [by a startling event]" include the lapse of time between the event and the declarations, the physical and mental state of the declarant, the characteristics of the event, and the subject matter of the statement. *United States v. Jennings*, 496 F.3d 344, 349 (4th Cir. 2007).

There are four discrete statements in Paragraph 5 of the Declaration: (1) "Mr. Turner was yelling that [Plaintiff] was drunk and trying to kill him by attempting to ram his house with the Chevrolet Cruze;" (2) "Mr. Turner further told me that he and his girlfriend felt [Plaintiff] had too much to drink and tried to prevent him from driving;" (3) "When they were unsuccessful, Mr. Turner followed [Plaintiff]'s car to Smith Landing Road where [Plaintiff] turned around and drove back to the house;" and (4) "Mr. Turner stated that [Plaintiff] purposely drove his vehicle toward the house and he stopped him only by ramming the passenger side of [Plaintiff]'s car with his truck." Rideout Decl., ¶ 5.

The Court finds that the challenged statements are excited utterances and therefore not to be excluded or stricken under the rule against hearsay. Mr. Turner made the statements in the startling and exciting circumstances of Plaintiff, who was intoxicated, trying to drive a car into his house; Mr. Turner then using his truck to stop Plaintiff by colliding with his car; and an ensuing physical altercation between the two men. The first statement was clearly an excited utterance; it is evident from the fact that he was yelling. The other three statements are covered by the excited utterance exception, as well. It is not clear from the Declaration whether Mr. Turner had stopped yelling when he made these statements, but even assuming he had, the statements were made within the same time frame as the events causing Mr. Turner's excitement. Thus, none of the statements in Paragraph 5 will be stricken.

b. Paragraph 14

Plaintiff does not specifically identify the statement in Paragraph 14 that he wishes to strike, but the Court presumes he challenges the statement that "[EMS] determined [Plaintiff] had no injuries but was heavily intoxicated." Rideout Decl., ¶ 14. Defendant argues the statements in Paragraph 14 are not hearsay but are instead offered to show the effect on the listener. ECF 18 at

1–2. Defendant also contends that the statements in Paragraph 14 are drawn from the EMS report, which is certified. *Id.*; *see also* ECF 7-6 & 18-1.

A statement is not hearsay if offered not for its truth, but rather to show the effect on the listener or the listener's state of mind. *See United States v. Guerrero-Damian*, 241 F. App'x 171, 173 (4th Cir. 2007).

EMS's statement that Plaintiff was uninjured but heavily intoxicated logically connects to the next portion of the Declaration, where Defendant explains that, in light of Plaintiff's intoxicated state, he completed a petition for an emergency evaluation and transported Plaintiff to a local hospital. Rideout Decl., ¶¶ 15–16. EMS's statement is not offered for its truth but to explain Defendant's decision as to how to handle Plaintiff's condition. Thus, the challenged statements in Paragraph 14 of Defendant's Declaration shall not be stricken.

> 2. <u>Dashboard Camera Video Exhibits (ECF 7-4, 7-5 & 7-7)</u>

Plaintiff moves to strike as hearsay contents of three dash cam video exhibits (Exhibits B, C, & E) Defendant submits in support of his summary judgment motion. ECF 16 at 3–4. Plaintiff also points out that the video exhibits lack a certificate from a records custodian. *Id.* Defendant argues that the videos have been authenticated by Defendant's Declaration and that Plaintiff's statements in the videos fall under the party opponent hearsay exemption. Rideout Decl., ¶ 17; ECF 18 at 2.

A statement is not hearsay when it "is offered against an opposing party and . . . was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). A statement is similarly not hearsay when introduced to show the effect on the listener or the state of mind of the listener, and not offered for the truth of matters asserted. *Guerrero-Damian*, 241 F. App'x at 173.

The statements in the dash cam videos are not being offered for their own truth but to show the effect on Defendant's state of mind during his encounter with Plaintiff—i.e., to show that Defendant had probable cause to arrest Plaintiff. Even if the statements made by Plaintiff on the dash cam videos were introduced for the truth of those statements, they would be non-hearsay statements of a party-opponent under Rule 801(d)(2)(A). Defendant also properly authenticated the challenged videos by declaring in a sworn statement that he was present and has personal knowledge of the situation in which the videos were taken and that the videos accurately depicted what had transpired during his encounter with Plaintiff. Rideout Decl., ¶ 17; *see also* Fed. R. Evid. 901(b)(1) (evidence may be authenticated by testimony of a witness with knowledge). Thus, the video exhibits will not be stricken.

### 3. Emergency Service Report (ECF 7-6)

Plaintiff moves to strike the EMS report (Exhibit D) attached to Defendant's summary judgment motion, arguing that the report lacks a certificate from a records custodian and contains hearsay as well as privileged medical information. ECF 16 at 3. Defendant acknowledges that he initially failed to produce a records certificate for the report and provides a certificate as a new exhibit attached to his opposition to the Motion to Strike. ECF 18-1. He maintains, however, that statements made in the report fall under hearsay exceptions for the statements made for medical treatment and business records. ECF 18 at 3.

The hearsay rule does not apply to a statement that "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). To qualify for this exception, the statement must be made by the patient—not by a treatment provider. *See Doali-Miller v. SuperValu, Inc.*, 855 F. Supp. 2d 510, 513 (D. Md. 2012).

A business record is also excepted from the hearsay rule where:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The requirements of Rule 803(6) are satisfied here. Thus, the emergency service report is covered by the business record exception to the rule against hearsay. The report will not be stricken. However, the Court notes that the report contains Plaintiff's date of birth, which is sensitive information entitled to protection from public view. Accordingly, the Court will seal the report and direct Defendant to file a redacted version.

### 4.   Photographs of Plaintiff at Hospital (ECF 7-8)

Plaintiff moves to strike photographs taken of him at the hospital following the incident (Exhibit F), arguing that the photos are not relevant and not accompanied by a certificate from a records custodian. ECF 16 at 4. Defendant argues that the photos are authenticated by Defendant's Declaration, in which he attests to having taken the photos himself. Rideout Decl., ¶ 16; ECF 18 at 4.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

The challenged photos appear to show Plaintiff sitting on a hospital bed with dirt on his jeans and lacking any apparent injury to his head or face. ECF 7-8. Plaintiff's claims against Defendant include assault, battery, and excessive force, and the Complaint specifically alleges that Defendant physically attacked Plaintiff and that Plaintiff "was savagely beaten and bruised" and "suffered severe visible injuries. . . ." Compl. ¶ 26. The photos tend to make it less probable that Defendant struck Plaintiff as alleged or that Plaintiff was severely and visibly injured as a result. They are therefore relevant to the merits of Plaintiff's assault, battery, and excessive force claims. Moreover, Defendant authenticates the photos by declaring that he has knowledge of the subject matter as the person who took the photos and that they are accurate. Rideout Decl., ¶ 16; *see also* Fed. R. Evid. 901(b)(1).

In sum, the challenged photos are both relevant and authenticated, and they will not be stricken.

5. <u>Judicial Case Search Records for *State v. Bernard*</u>

Plaintiff moves to strike as unauthenticated a defense exhibit containing "judicial case search records" pertaining to Plaintiff's related criminal case (Exhibit G). ECF 16 at 4. Defendant argues that judicial notice may be taken of the records under Federal Rule of Evidence 201(b)(2) and that he attests to having personal knowledge of the verdict in his Declaration. Rideout Decl., ¶ 18; ECF 18 at 3–4.

It is well established that courts may take judicial notice of court records of other cases. *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Moreover, courts *must* take

judicial notice if properly requested by a party. *See* Fed. R. Evid. 201(c)(2). Defendant requests this Court to take judicial notice of records of *State v. Bernard*, while providing in Exhibit G the information necessary to support judicial notice. Plaintiff does not genuinely call into question the accuracy of information contained with the challenged exhibit. The exhibit will not be stricken.

6.  Recording of Plaintiff's Trial Testimony in *State v. Bernard* (ECF 7-10)

Plaintiff moves to strike an audio recording of his testimony from the related criminal case (Exhibit H) for lack of certification. ECF 16 at 4. Defendant acknowledges that he initially failed to attach a certificate to the recording and now attaches a certificate as a separate exhibit to his opposition to Plaintiff's Motion to Strike. ECF 18 at 4; ECF 18-2. The certificate is signed by the Caroline County Circuit Court clerk who prepared the audio recording and certifies its authenticity. ECF 18-2. Thus, the audio recordings will not be stricken.

## III.   DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### A.  Standard of Review

1.  Motion to Dismiss

Under Rule 8(a)(2) of Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations," but it must set forth

"enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted).

Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Ordinarily, a court "is not to consider matters outside the pleadings or to resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). However, a court may consider matters outside the pleadings attached to a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* The Fourth Circuit "has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: (1) notice and (2) a reasonable opportunity for discovery." *Canty v. Corcoran*, Civ. No. GLR-18-1404, 2022 WL 899278, at *4 (D. Md. Mar. 28, 2022) (citing *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013)). "[W]here the parties have not had an

opportunity for reasonable discovery," summary judgment is inappropriate. *E.I. Du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The party opposing conversion may file a declaration pursuant to Rule 56(d) explaining the reasons why "it cannot present facts essential to justify its opposition" without discovery. Fed. R. Civ. P. 56(d); *see also Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002).

2. <u>Motion for Summary Judgment</u>

A court may grant a party's summary judgment motion under Rule 56 if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis removed).

A fact is "material" if it "might affect the outcome of the suit under the governing law[,]" and a genuine issue as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *see also Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016). A party can establish the absence or presence of a genuinely disputed fact through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The court must view all the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmovant, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986), but the court is not permitted to weigh the evidence, make credibility determinations, or decide the truth of disputed facts. *Anderson*, 477 U.S. at 249.

### B. Analysis

#### 1. Conversion of Motion to Dismiss to Motion for Summary Judgment

Rule 56(d) of the Federal Rules of Civil Procedure holds that "[i]f a nonmovant shows *by affidavit or declaration that, for specified reasons*, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." (emphasis added).

Here, Plaintiff asserts in his Motion to Strike that discovery is needed to obtain facts essential to countering Defendant's evidence. ECF 16, ¶ 8. Plaintiff's motion is not a sworn statement, however, nor does it explain with particularity the need for discovery. *See Nader v. Blair*, 549 F.3d 953, 962–63 (4th Cir. 2008) ("[A party] cannot withstand a motion for summary judgment by merely asserting in its brief that discovery [is] necessary.") (citation omitted); *Harrods*, 302 F.3d at 244 ("We have warned litigants that . . . a reference to Rule 56(f)[2] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit.") (cleaned up).

In *Harrods*, the Fourth Circuit cautioned that "parties who ignore Rule 56(f)'s affidavit requirement do so at their peril." *Id.* at 246 n.19; *see also Roberts v. Wexford Health Sources, Inc.*, Civ. No. ELH-20-0340, 2022 WL 2971949, at *8–9 (D. Md. July 26, 2022), *aff'd*, No. 23-6232, 2023 WL 4888846 (4th Cir. Aug. 1, 2023) (granting pre-discovery summary judgment in favor of defendant where pro se plaintiff failed to file a Rule 56(d) affidavit); *cf. McClure v. Ports*, 914

---

[2] Rule 56(d) was codified as Rule 56(f) at the time of the *Harrods* opinion.

F.3d 866, 874–75 (4th Cir. 2019) (affirming pre-discovery summary judgment in favor of the defendant even where the plaintiffs filed a 56(d) motion specifying what evidence they sought to discover, because plaintiffs failed to identify any factual issues that were actually essential to their opposition).[3]

Moreover, Defendant styled his Motion to Dismiss as one for summary judgment, in the alternative, and attached exhibits for the Court's consideration, thereby placing Plaintiff on notice that the motion could be disposed of under Rule 56. *See, e.g.*, *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 178 n.2 (4th Cir. 2018) ("[Plaintiff] was on notice that the motion could be converted to one for summary judgment because [defendant] styled it in the alternative, and [plaintiff] similarly submitted an opposition brief in the alternative."). The Court is not obligated "to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

Plaintiff did not respond to Defendant's motion with a Rule 56(d) affidavit identifying in specific terms factual issues for which specific forms of discovery were needed. Accordingly, this Court shall review Defendant's motion as one for summary judgment and consider the exhibits attached to his motion.

### 2. False Imprisonment (Count I)

Count I of the Complaint asserts a claim for false imprisonment. Compl. ¶¶ 34–37. Defendant contends that Plaintiff's false imprisonment claim fails because his arrest of Plaintiff was supported by probable cause. ECF 7-2 at 11. Defendant also notes that Plaintiff was later

---

[3] The court in *McClure* also noted that while the plaintiffs claimed they were prejudiced by the district court's reliance on the defendant's affidavits, they did not challenge the substance of the affidavits. 914 F.3d at 875 n.5. Here too, Plaintiff acknowledges without genuinely disputing the substance of Defendant's exhibits. *See* ECF 15-1 at 10–14 (noting that Plaintiff did receive a criminal conviction but that it should not be admitted on other grounds, and attempting to construe the dash cam footage in his favor).

convicted in state court of driving while intoxicated. *Id.* Plaintiff argues that Defendant arrested him without legal justification because Defendant did not witness him commit a misdemeanor or have probable cause that he committed a felony. ECF 15-1 at 6–7.

False imprisonment occurs when an individual is deprived of his personal liberty (1) without consent and (2) without legal justification. *State v. Dett*, 891 A.2d 1113, 1120 (Md. 2006). Probable cause of criminal activity can provide legal justification for a deprivation of liberty by a law enforcement officer. *Prince George's Cnty. v. Blue*, 206 Md. App. 608, 51 A.3d 42, 51 (Md. Ct. Spec. App. 2012), *aff'd*, 434 Md. 681, 76 A.3d 1129 (Md. 2013).

"Under Maryland law, a conviction determines conclusively the existence of probable cause, regardless of whether the judgment is later reversed in a subsequent proceeding." *Ghazzaoui v. Anne Arundel Cnty.*, 659 F. App'x 731, 733–34 (4th Cir. 2016) (quoting *Asuncion v. City of Gaithersburg*, 73 F.3d 356 (4th Cir. 1996)); *see also Carter v. Durham*, Civ. No. WMN-14-2635, 2015 WL 641370, at *3 (D. Md. Feb. 12, 2015) (citing cases); *Brown-Rice v. Maryland*, Civ. No. CCB-09-219, 2009 WL 1690516, at *1 (D. Md. June 16, 2009) (noting that a conviction bars any claim that involves lack of probable cause as an element, including false arrest and false imprisonment) (citations omitted).[4] There is an exception to this rule if "the conviction was obtained by fraud, perjury or other corrupt means." *Ghazzaoui*, 659 F. App'x at 734 (quoting *Zablonsky v. Perkins*, 187 A.2d 314, 316 (Md. 1963)).

In the instant case, Defendant submits a Declaration with several exhibits establishing probable cause to believe that, at the time of the challenged arrest, Plaintiff had been driving or

---

[4] Plaintiff's argument that, under Maryland law, a criminal conviction is not admissible as evidence of the underlying facts is misplaced. *See* ECF 15-1 at 10, 13 (citing *Briggeman v. Albert*, 586 A.2d 15, 17 (Md. 1991), *Aetna Cas. & Sur. Co. v. Kuhl*, 463 A.2d 822, 845 (Md. 1983), and *Brooks v. Daley*, 218 A.2d 184, 190 (Md. 1966)). The underlying facts of Plaintiff's criminal case are not at issue or subject to relitigation in this matter. The fact of his conviction is instead offered to establish probable cause for his arrest.

attempting to drive under the influence of alcohol. Rideout Decl. Under Maryland law, "[a] police officer may arrest without a warrant a person for a violation of the Maryland Vehicle Law,[] including any rule or regulation adopted under it, or for a violation of any traffic law or ordinance of any local authority of this State, if . . . [t]he officer has probable cause to believe that the person has committed . . . [d]riving or attempting to drive while impaired by any drug, any combination of drugs, or any combination of one or more drugs and alcohol or while impaired by any controlled dangerous substance. . . ." Md. Code Ann., Transp. § 26-202(a)(3)(ii). Plaintiff was later convicted in a Maryland state court of driving while intoxicated and negligent endangerment. Rideout Decl., ¶ 18; ECF 7-9. Plaintiff offers no evidence that the conviction was improperly obtained. Thus, Defendant's arrest of Plaintiff was supported by probable cause and therefore legally justified.

Plaintiff attempts to dispute the probable cause for his arrest by presenting the findings of an administrative law judge ("ALJ"), apparently made in connection with a Motor Vehicle Administration licensure proceeding. ECF 15-2. The ALJ's findings do not constitute evidence competent to create a genuine issue of fact.

There is no genuine dispute as to Defendant's probable cause to arrest Plaintiff, and, accordingly, summary judgment will be granted for Defendant on Plaintiff's false imprisonment claim.

### 3. Abuse of Process (Count II)

Count II of the Complaint asserts a claim for abuse of process. ECF 1-3 at 5–6. A claim for abuse of process under Maryland law requires three elements to be met: "first, that the defendant willfully used process after it has issued in a manner not contemplated by law; second, that the defendant acted to satisfy an ulterior motive; and third, that damages resulted from the defendant's perverted use of process." *One Thousand Fleet Ltd. P'ship v. Guerriero*, 694 A.2d 952, 956 (Md.

1997) (internal citations omitted). A regular use of process, even with an ulterior motive, is insufficient to state a claim of abuse of process. *Barnes v. Montgomery Cnty.*, 798 F. Supp. 2d 688, 693–94 (D. Md. 2011).

In the instant case, Plaintiff offers no evidence in support of his allegations that Defendant used any criminal or civil process in a manner not contemplated by law or acted with ulterior motives. Defendant declares that, pursuant to the emergency petition, he transported Plaintiff to a local hospital, where he proceeded to release Plaintiff into the hospital's custody. Rideout Decl., ¶¶ 15–16; ECF 7-8; ECF 7-11. Defendant's actions fell within the acceptable purposes for which a petition for an emergency evaluation is issued. *See* Md. Code Ann., Health-Gen. § 10-620, *et seq.* (detailing a general hospital as an appropriate place to take an emergency evaluee). There is no evidence that Defendant used the emergency petition or criminal process in a manner for which it was not intended. Summary judgment will be granted for Defendant on Plaintiff's abuse of process claim.[5]

### 4. Assault and Battery (Counts III & IV)

Counts III and IV of the Complaint assert claims for assault and battery, respectively. ECF 1-3 at 6–7. Plaintiff claims that Defendant committed assault and battery when he used force against Plaintiff during his arrest. ECF 15-1 at 11.

Like false imprisonment, assault and battery by an arresting police officer "occur when there is no legal authority or justification for the arresting officer's actions." *Hines v. French*, 852 A.2d 1047, 1055 (Md. Ct. Spec. App. 2004) (quoting *Williams v. Prince George's Cnty.*, 685 A.2d 884

---

[5] In Count II, Plaintiff also appears to challenge his arrest and the issuance of the emergency petition as abuses of process, but these actions fall outside the scope of an abuse-of-process claim. The tort of abuse of process is only concerned with the improper use of an *already issued* process. *Guerriero*, 694 A.2d at 955–57 (noting that complaints regarding the issuance of the process itself fall under the separate tort of "malicious use of process") (citations omitted).

(Md. Ct. Spec. App. 1996)). Assault and battery may also occur where an officer uses excessive force to effectuate a lawful arrest, which is evaluated under the "reasonableness" standard articulated by the U.S. Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989). *French v. Hines*, 957 A.2d 1000, 1033 (Md. Ct. Spec. App. 2008); *see also Hines v. French*, 852 A.2d 1047 (2004) (adopting *Graham*). The issue is "whether the officers' actions are 'objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. This standard requires that courts give

> careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight . . . The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene . . . .

*Graham*, 490 U.S. at 396–97.

As discussed *supra*, there is no genuine dispute that Defendant's arrest of Plaintiff was lawful, so Plaintiff's assault and battery claims may only be sustained if a reasonable trier of fact could find that Defendant used excessive force.

Plaintiff alleges in the Complaint that, during their encounter, Defendant struck Plaintiff in the head and face multiple times, resulting in severe and visible injuries, but he offers no competent evidence in support of these allegations. Defendant's sworn Declaration and exhibits (including dash cam footage) establish that Defendant did not strike Plaintiff or otherwise employ excessive force against him during their encounter. Defendant's actions, as shown in the video exhibits and described in the Declaration, were objectively reasonable in the circumstances. No severe or

visible injuries are shown on Plaintiff's head or face at any point in the videos or among the photos depicting Plaintiff. In short, there is no evidence to support any claim of excessive force.[6]

Summary judgment shall be granted for Defendant on Plaintiff's assault and battery claims.

5.  <u>Violations of Articles 24 & 26 of the Maryland Declaration of Rights, and Fourth and Fourteenth Amendments (Counts V and VI)</u>

Counts V and VI of the Complaint assert claims for various violations of the U.S. Constitution and Maryland Declaration of Rights based on allegations that Defendant unlawfully arrested Plaintiff, used excessive force against him, fabricated evidence, and engaged in malicious prosecution. ECF 1-3 at 7–9. Specifically, in Count V, Plaintiff brings claims for violations of Articles 24 and 26 of the Maryland Declaration of Rights. In Count VI, he brings claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments.

Section 1983 provides a cause of action against a person who, acting under color of state law, subjects a person within the jurisdiction of the United States to the deprivation of federal rights. 42 U.S.C. § 1983. The Fourth Amendment provides a federal right against unreasonable searches and seizures, and the Fourteenth Amendment provides a federal right to due process in connection with a deprivation of liberty. Article 24 of the Maryland Declaration of Rights protects the same rights as the Fourteenth Amendment of the U.S. Constitution, while Article 26 runs parallel to the Fourth Amendment. *See Barnes*, 798 F. Supp. 2d at 700 (citations omitted); *Canaj, Inc. v. Baker & Div. Phase III, LLC*, 893 A.2d 1067, 1097 (Md. 2006).

---

[6] Plaintiff argues that Defendant's own evidence contains proof of excessive force because, according to Plaintiff, Defendant can be heard, at the beginning of his dash cam recording, "refus[ing] to let Plaintiff 'up' after battering him. . . ." ECF 15 at 11–12. The Court is not persuaded by Plaintiff's interpretation of the recording. Plaintiff and Defendant are not visible during this portion of the recording, but their voices can be heard engaging in conversation. It is far from clear from the audio recording that Defendant "refus[ed] to let Plaintiff 'up' after battering him," as Plaintiff alleges in his opposition brief.

Plaintiff fails to offer any evidence of the constitutional violations alleged in the Complaint. As discussed *supra*, Defendant's arrest of Plaintiff was supported by probable cause, and the evidence presented by Defendant establishes that he did not use excessive force against Plaintiff. No Fourteenth Amendment due process violation could have been committed in connection with the arrest because all the process that is due at the time of arrest is delineated in the Fourth Amendment. *See Taylor v. Waters*, 81 F.3d 429, 435–36 (4th Cir. 1996) (citing cases for the proposition that the Fourteenth Amendment is not the proper analysis for evaluating arrests).

Any claim Plaintiff intends to bring for malicious prosecution is defeated by his criminal conviction. *See Asuncion*, 73 F.3d 356 ("Because Asuncion cannot prove an essential element of malicious prosecution under Maryland law, he cannot establish his claim under § 1983."); *Brown-Rice*, 2009 WL 1690516, at *1 ("[Plaintiff's] conviction establishes probable cause and bars her claims for malicious prosecution, false arrest, false imprisonment, and any other claim including lack of probable cause as an element.").

Finally, Plaintiff offers no evidence that Defendant fabricated evidence against him. Plaintiff argues that Defendant can be heard on a dash cam audio recording retroactively coming up with justifications to arrest Plaintiff. ECF 15-1 at 13–14. The Court is not persuaded. The referenced recording merely shows discussion between Defendant and other officers about how to proceed after being told by EMS that they would not take Plaintiff, which results in Defendant's decision to complete an emergency petition and transport Plaintiff to a hospital. ECF 7-7 at 2:30–3:30. No evidence in the record before the Court supports any of the constitutional violations alleged in Counts V and VI of the Complaint. Defendant is entitled to summary judgment on these counts.

6.  <u>Intentional Infliction of Emotional Distress (Count VII)</u>

Count VII of the Complaint alleges intentional infliction of emotion distress ("IIED"). ECF 1-3 at 10–11. For a successful claim of IIED, a plaintiff must show that (1) the defendant intentionally or recklessly engaged in (2) extreme or outrageous conduct (3) that caused (4) severe emotional distress. *Valderrama v. Honeywell Tech. Sols., Inc.*, 473 F. Supp. 2d 658, 666 n.20 (D. Md. 2007). "To meet the 'intentional or reckless' criterion of the first element, the plaintiff must allege and prove that the defendant either desired to inflict severe emotional distress, knew that such distress was certain or substantially certain to result from his conduct, or acted recklessly in deliberate disregard of a high degree of probability that the emotional distress will follow." *Foor v. Juv. Servs. Admin.*, 552 A.2d 947, 955 (Md. Ct. Spec. App. 1989) (cleaned up). The allegedly tortious act must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Harris v. Jones*, 281 Md. 560, 566 (Md. 1977); *see also Figueiredo-Torres v. Nickel*, 321 Md. 642, 653 (Md. 1991) (finding IIED where a psychiatrist was sleeping with his patient's wife while serving as the couple's marriage counselor). This is an exceedingly difficult standard to meet, and it is well established that "the tort of [IIED] is rarely viable [in Maryland]." *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 247 (D. Md. 1997).

Plaintiff has failed to provide any evidence that Defendant acted in an outrageous manner. Plaintiff's various allegations of outrageous conduct by Defendant—namely, that Defendant struck him multiple times in the face, caused him severe injuries, arrested him without any legal justification, and falsified evidence to have him committed to a hospital and convicted of a crime— are all unsupported by the record, as discussed *supra*. Accordingly, summary judgment will be granted for the Defendant on Plaintiff's IIED claim.

NAV

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike will be DENIED, and Defendant's

Motion for Summary Judgment will be GRANTED as to all counts of the Complaint.

A separate Order will follow.

DATED: 6/4/24

_____
Matthew J. Maddox
United States District Judge